CHIPPEWA VALLEY BANK v. NATIONAL BANK OF ASHE-
VILLE.

*Negotiable Instruments—Bona Fide Purchaser—Agree-
ments between Drawer and Payee of Negotiable Paper
not binding on Owner for Value and Without Notice.*

1. The fact that the maker of certain notes, by an arrangement
   with payee, had at different times drawn on the latter, at
   maturity of some of the notes, for such part as he was unable
   to pay, and that the drafts so drawn had passed through
   plaintiff's hands, was not sufficient to charge plaintiff with
   notice of a similar arrangement respecting a note by the
   same maker to the same payee, which the plaintiff had
   acquired before maturity, without actual notice of any
   equities against it.

2. In the taking of a deposition, interrogatories are not required
   to be in writing, and when there is nothing to indicate that
   the deposition does not contain the whole of the deponent's
   testimony or that it was not written down at the time and in
   the presence of the witness, a motion to quash should be
   refused.

CIVIL ACTION, tried before *McIver, J.*, and a jury, at
March Term, 1894, of BUNCOMBE Superior Court.   There
was judgment for plaintiff and defendants appealed.   The
facts appear in the opinion of Associate Justice CLARK.

*Mr. J. H. Merrimon*, for plaintiff.
*Messrs. W. W. Jones* and *F. A. Sondley*, for defendant
(appellant).

CLARK, J. : The defendant bank having for collection a
note which was sent to it by plaintiff, who had acquired it
as assignee for value and before maturity, accepted of the
maker part payment and a draft at 60 days, drawn by the
maker on the payee, and sent its own check for the full
amount of the note to the plaintiff, the holder of the note.

The said draft not being accepted, the defendant stopped payment of its check, and this action is brought by the plaintiff to recover the amount of the same. The defendant introduced evidence that there was an agreement between the maker and the payee that when the notes of the former to the latter became due and were presented for payment, if the maker was not in funds he might pay what he could and draw back on the payee for the difference; that this had occurred several times and the notes had always been forwarded to defendant for collection by the plaintiff bank and the remittances made through the same agency and the defendant contended that this fixed the plaintiff bank with notice of the agreement. The testimony of the cashier of the plaintiff bank, which is uncontradicted, is that the plaintiff took the note for value, before maturity, and without notice of any equity; that it was not the agent of the payee but purchaser for value and had no knowledge or notice whatever of any agreement between payee and maker of the kind alleged by the defendant. His Honor upon the evidence properly instructed the jury to return a verdict for plaintiff. The fact that the plaintiff bank had several times forwarded notes against the maker for collection to the defendant bank and that drafts drawn by the maker against the payee had thereafter passed through the two banks, even if known to plaintiff bank to have been in renewal or indulgence of part of said notes (which is not shown), was not of itself notice in law to the plaintiff that there was such agreement as to this note. Actual notice of such agreement is negatived, and it was not fixed with constructive notice by the course of dealing between parties transmitting or collecting through its bank that the promissory note of the maker, who had often given counter-drafts on the payee, was given on the

agreement that he has that standing privilege and is always to have a similar indulgence.

The motion to quash the deposition was properly refused. The interrogatories were verbal and are not required to be in writing. There is nothing to indicate that the paper does not contain the whole of the deposition, or that it was not written down at the time and in the presence of the witness. The only evidence on the point is the certificate of the commissioner, which certainly does not sustain the exception.

No Error.